**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

FRANK WYSASKI,

    Plaintiff,                                    Case No. 06-12283

v.                                                    HONORABLE DENISE PAGE HOOD

UNIVERSAL HOMES, LLC., et al.,

    Defendants.

    _____/

**MEMORANDUM OPINION AND ORDER**

**I. INTRODUCTION**

This matter is before the Court on Defendant IndyMac Bank, FSB's Motion for Dismissal pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b), filed on August 25, 2006. Plaintiff filed his Brief in Support of Denying Defendant Indymac's Motion to Dismiss on October 2, 2006. A hearing on this matter was held on October 18, 2006.[1]

Plaintiff, an Illinois resident, filed the instant action on May 19, 2006, alleging seventeen counts against Defendants Universal Homes, LLC, Midwest Express Funding, Mike Baumhaft,

---

[1] It should be noted that the hearing also addressed Defendant Cuzzens Credit Bureau & Services Motion to Dismiss Counts I, X, XIV, and XVII of Plaintiff's First Amended Compliant for Failure to State a Claim, filed on August 11, 2006. At the hearing Plaintiff's counsel indicated his intention to stipulate to the dismissal of the above claims from Plaintiff's Amended Complaint. On October 24, 2006, a Stipulation and Order was entered dismissing Counts I, X, XIV, and XVII against Defendant Cuzzens Credit Bureau & Services. The remaining counts against Defendant Cuzzens are Count V, Innocent Misrepresentation and Count XIII, Concert of Action.

American Family Insurance Company, Lehman Brothers Bank, Acceptance Title Agency, William C. Phillips, Integrity Financial, IndyMac Bank, FSB, Aurora Loans, and Cuzzens Credit Bureau & Services, Inc. arising out of Plaintiff's purchase of three residential properties in Detroit, Michigan. Plaintiff alleges that the Defendants conspired to defraud him into purchasing grossly overvalued properties.[2]

## II. STATEMENT OF FACTS

This matter arises out of Plaintiff's purchase of three investment, residential properties. On or about October 14, 2004, Plaintiff entered into three agreements with Defendant Midwest Express

---

[2] Plaintiff alleges, Count I, Fraudulent Misrepresentation against Defendants Universal, Midwest and Cuzzens; Count II, Fraudulent Misrepresentation against Defendant Universal; Count III, Fraudulent Misrepresentation against Defendants Midwest and Baumhaft; Count IV, Fraudulent Misrepresentation against Defendants Universal and Baumhaft; Count V, Innocent Misrepresentation against Defendants Midwest, Universal, Baumhaft, and Cuzzens; Count VI, Breach of Contract against Defendants Universal and Baumhaft; Count VII, Breach of Contract against Defendants Midwest and Baumhaft; Count VIII, Breach of Contract against Defendant American Insurance; Count IX, Breach of Contract against Defendant Michigan Insurance; Count X, Concealment against Defendants Midwest, Integrity, Cuzzens, Baumhaft, Phillips, Indymac and Lehman; Count XI, Michigan Consumer Protection Act against Defendants Universal, Midwest, Integrity, Baumhaft, Phillips, Indymac and Lehman; Count XII, Promissory Estoppel against Defendants Universal and Baumhaft; Count XIII, Concert of Action against Defendants Universal, Midwest, Baumhaft, Lehman, Acceptance Title, Phillips, Integrity, Indymac, Aurora, and Cuzzens; Count XIV, Civil Conspiracy against Defendants Universal, Midwest, Baumhaft, Lehman, Acceptance Title, Philips, Integrity, Indymac, Aurora, and Cuzzens; Count XV, Negligence against Defendant Acceptance Title; Count XVI, Negligence against Defendants Lehman, Indymac, and Aurora.
   Since the initiation of this lawsuit, Plaintiff has stipulated to the dismissal of certain claims against Defendant Cuzzens, as discussed *supra*, Defendant IndyMac, see *infra*, Defendant Aurora Loans and Defendant Lehman Brothers. On October 17, 2006, a Stipulation and Order was entered dismissing Count XI, Michigan Consumer Protection claim against Defendant Lehman Brothers. On January 19, 2007, a Stipulation and Order was entered dismissing Count XVII, Intentional Infliction of Emotional Distress, against Defendants Lehman Brothers and Aurora Loans. On January 23, 2007, a Stipulation and Order was entered dismissing Count XIV, Civil Conspiracy, against Defendant Lehman Brothers and Aurora Loans.

Funding, through its agent, Defendant Mike Baumhaft[3] to purchase the following properties: 15816 Dacosta, 19240 Five Points and 18894 Maine; all located in Detroit, Michigan. (Pl.'s First Am. Compl., ¶¶ 20-21)  Plaintiff originally planned on purchasing only the Maine and Five Points properties, but was persuaded by Defendant Baumhaft, who according to Plaintiff, relentlessly and persistently persuaded Plaintiff to also purchase the Dacosta property. (Pl.'s First Am. Compl., ¶¶ 23-24)  Additionally, Plaintiff entered into a Property Management Agreement with Defendant Universal, in which Defendant agreed to rent, repair and perform maintenance on the three properties. (Pl.'s First Am. Compl., ¶¶ 23-24) Notwithstanding this agreement, Plaintiff alleges that none of the properties have ever been rented nor had any tenants, and that Defendant Universal did not attempt to acquire any tenants.  (Pl.'s First Am. Compl., ¶¶ 54, 57) Plaintiff further asserts that Defendant Universal did not perform any maintenance on the properties, although it expressly promised to spend at least $10,000 per property, or the amount needed for each property to be in rentable condition. (Pl.'s First Am. Compl., ¶50, 55)

    Plaintiff entered into mortgage agreements for each of the properties. The properties were appraised by Defendant Cuzzens Credit Bureau & Services. (Pl.'s First Am. Compl., ¶ 5) Defendant Integrity Financial, and its employee, Defendant William C. Phillips provided mortgage broker services. (Pl.'s First Am. Compl., ¶ 29)  Defendant IndyMac Bank, FSB, a New Jersey mortgage company, was the mortgage lender on the Maine property for a total sum of $59, 400, and the Dacosta property for a total sum of $70, 200. (Pl.'s First Am. Compl., ¶¶ 12, 34, 39) Defendant Lehman Brothers Bank, a Michigan corporation, provided the mortgage on the Five Points property

---

[3] Defendant Baumhaft is also a representative of Defendant Universal Homes, LLC. (Pl.'s First Am. Compl., ¶¶ 4, 20, 27)

for a total sum of $95, 200.  (Pl.'s First Am. Compl., ¶¶ 13, 33, 39).

In April, 2006, both the Dacosta and Maine properties burned down. (Pl.'s First Am. Compl., ¶¶ 59-60)  Defendant Michigan Insurance provided insurance on the Dacosta property and offered Plaintiff a settlement of $49,000.  (Pl.'s First Am. Compl., ¶ 35)  This amount was approximately $30, 000 lower than the amount of Plaintiff's mortgage on the property for.  (Pl.'s First Am. Compl., ¶ 62)  Defendant American Family Home Insurance provided insurance on the Maine property, and appraised the fair market value at $36, 500, which is $30,000 lower than the amount Plaintiff paid for the property a year earlier.  (Pl.'s First Am. Compl., ¶¶, 36, 64, 65)[4]

Plaintiff alleges that Defendants represented that the value of the properties was equal, or nearly equal, to the price Plaintiff paid to purchase the properties, and that Plaintiff could resell the properties in approximately two years at these values.[5]  (Pl.'s First Am. Compl., ¶ 45) Plaintiff further alleges that Defendants knew about problems with the properties and intentionally hid the problems from Plaintiff.  (Pl.'s First Am. Compl., ¶ 69)

## III. ANALYSIS & APPLICABLE LAW

### A.     Standard of Review

Rule 12(b)(6) provides for a motion to dismiss for failure to state a claim upon which relief can be granted.  This type of motion tests the legal sufficiency of the plaintiff's Complaint.  *Davey v. Tomlinson*, 627 F. Supp. 1458, 1463 (E.D. Mich. 1986).  In evaluating the propriety of dismissal under Rule 12(b)(6), the factual allegations in the Complaint must be treated as true.  *Janan v.*

---

[4] Part of the basis for the low appraisal value on the Maine property was attributed to the fact that the building was unoccupied.  (Pl.'s First Am. Compl., ¶ 68).

[5] Plaintiff purchased the Maine property for $66,000, the Dacosta property for $78, 000 and the Five Points property for $106, 500. (Pl.'s First Am. Compl., ¶ 44).

*Trammell*, 785 F.2d 557, 558 (6th Cir. 1986). If matters outside the pleading are presented in a Rule 12(b)(6) motion, the motion shall be treated as one for summary judgment under Rule 56(b) and disposed of as provided in Rule 56.

### B. Defendant IndyMac, FSB's Motion for Dismissal[6]

Defendant IndyMac argues that Plaintiff has failed to allege fraud with particularity as required by Fed. R. Civ. P. 9(b), and as such Plaintiff's claims of conspiracy, concert of action and concealment must be dismissed. Defendant IndyMac also argues that it owed no duty to Plaintiff to ensure that the properties were accurately appraised, accordingly Plaintiff's negligence claim must be dismissed. Plaintiff argues that he has plead sufficient facts in support of his fraudulent concealment, concert of action, civil conspiracy and negligence claims and as such dismissal of these claims is inappropriate.

#### 1. Concealment

Federal Rule of Civil Procedure 9(b) states that:

> In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally.

Fed. R. Civ. P. 9(b). Defendant asserts that Plaintiff has failed to allege the required elements of fraud with the specificity mandated by the Federal Rules of Civil Procedure. Plaintiff counters that he has stated a claim for concealment and alleged sufficient facts in support of his claim. Plaintiff

---

[6] On November 8, 2006, a Stipulation and Order was entered dismissing Count XI, Michigan Consumer Protection Act, and Count XVII, Intentional Infliction of Emotional Distress, against Defendant IndyMac. As such, this Order only addressed the remaining claims against Defendant, Count X, Concealment, Count XIII, Concert of Action, Count XIV, Civil Conspiracy and Count XVI, Negligence.

is correct that the Sixth Circuit has held that Rule 9(b) must be read liberally. *See Coffey v. Foamex L.P.*, 2 F.3d 157, 161 (6th Cir. 1993). It is also true that at a minimum the plaintiff must "allege the time, place, and content of the alleged misrepresentations on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *Id.* at 162. "[A]llegations of fraudulent misrepresentation must be made with sufficient particularity and with a sufficient factual basis to support an inference that they were knowingly made." *Id.* at 162. If the Court finds that Plaintiff has failed to state fraud with sufficient particularity, "in the absence of defendant's motion for more definitive statement under Rule 12(e), dismissal on this basis alone would not be appropriate." *Id.* The Court will not review Defendant's argument regarding Plaintiff's failure to sufficiently plead fraud with particularity because the face of Plaintiff's Amended Complaint reveals that Plaintiff cannot establish a prima facie case for concealment.

In his Reply Brief, Plaintiff cites case law regarding the requisite elements of a prima facie case for fraudulent misrepresentation instead of the elements for fraudulent concealment.[7] *See Foreman v. Foreman*, 266 Mich. App. 132, 701 N.W.2d 167 (2005); *Bergen v. Baker*, 264 Mich. App. 376, 691 N.W. 2d 770 (2004). As such, the Court will evaluate Plaintiff's Concealment claim under both the doctrine of silent fraud, or fraudulent concealment and fraudulent misrepresentation.

In Michigan, the elements of fraudulent misrepresentation are:

> 1) the defendant made a material misrepresentation; 2) that it was false; 3) that when he made it he knew that it was false, or made it recklessly, without any knowledge of its truth, and as a positive assertion; 4) that he made it with the intention that it should be acted upon by plaintiff; 5) that plaintiff acted in reliance upon it; and 6) that he thereby suffered injury. Each of these facts must be proved with a reasonable degree of certainty.

---

[7] Fraudulent concealment is also known as silent fraud.

6

*Hi-Way Motor Co. V. Int'l Harvester Co.*, 398 Mich. 330, 335-36 (1976). A material misrepresentation must be a statement relating to a past or existing fact. *Id.* at 356. Statements of opinion and "puffing" are not representations of material fact that would give rise to a claim of fraud. *Graham v. Myers*, 333 Mich. 111, 115 (1952).

Plaintiff's theory of recovery against Defendant IndyMac rests solely upon the misrepresented appraisal values used to induce Plaintiff to enter into the purchase and mortgage agreements related to the residential properties at issue in this matter. However, Plaintiff has stated that the appraisal was conducted by Defendant Cuzzens Credit Bureau & Services. Plaintiff argues that Defendant IndyMac "possessed either actual or constructive knowledge of the existence of" the material misrepresentation regarding the over-inflated appraisal value and the structural defects present in both the Maine and Dacosta properties. (Pl.'s Br. in Support of Denying Def.'s Mot. for Dismissal, at 15) Plaintiff claims that Defendant IndyMac knew of these material misrepresentations because a title search revealed that Defendant Midwest had purchased the properties less than a year before for dramatically lower prices. (*Id.*) Additionally, Plaintiff argues that Defendant IndyMac also failed to disclose material structural defects in both the Maine and Dacosta properties. Possession of actual or constructive knowledge of a misrepresentation is not the equivalent of making a material misrepresentation. Defendant IndyMac did not make a material misrepresentation, as it did not perform the appraisal on the home, nor did it make a statement suggesting that the properties were free of any, and all defects. As such, Plaintiff cannot establish a prima facie case of fraudulent misrepresentation.

Plaintiff argues that Defendant IndyMac is liable under the doctrine of silent fraud, or fraudulent concealment which "is established when there is a suppression of material facts and there

is a legal or equitable duty of disclosure." *Bergen*, 264 Mich. Appt. at 382. In order to establish a claim of fraudulent concealment Plaintiff must demonstrate that 1) a material representation which was false, and 2) known to Defendant IndyMac to be false, or made recklessly without knowledge of its truth or falsity, and 3) Defendant IndyMac intended Plaintiff to rely on the representation, and 4) Plaintiff did in fact rely on such representation to his detriment. *See McMullen v. Joldersma*, 174 Mich. App. 207. Additionally, Plaintiff must establish "[s]ome type of representation that was false or misleading was made and that there was a legal or equitable duty of disclosure." *M & D, Inc. V. McConkey*, 231 Mich. App. 22, 31; 585 N.W.2d 33 (1998). Plaintiff likewise fails to establish a prima facie case for fraudulent concealment. Plaintiff cannot establish that Defendant IndyMac suppressed material facts that it had a duty to disclose. As will be discussed below, Plaintiff has failed to provide this Court with any supporting legal authority stating that Defendant IndyMac had a legal duty to disclose the over-inflated appraisal values, or structural defects in the property.[8] Plaintiff's claim for fraudulent concealment must be dismissed as Plaintiff cannot establish that Defendant knew of, and suppressed information that it had a legal duty to disclose nor can Plaintiff establish a claim for fraudulent misrepresentation since Defendant IndyMac did not make a material misrepresentation.

---

[8] Further, there is insufficient allegation in the Complaint to establish that Defendant IndyMac was aware of the inflated appraisal value or the structural defects. In any event, as Plaintiff asserts in his Reply Brief, the records relied upon to make the appraisal were a matter of public record, and the structural defects likewise could have been ascertained by Plaintiff or by a building inspector hired by Plaintiff. As such, even if Defendant IndyMac was aware of these facts, it could hardly have suppressed this information as it was available to Plaintiff. There can be no misrepresentation of a material fact, where the Plaintiff has equal access to the information alleged to have been misrepresented and suppressed.

**2.     Negligence**

Plaintiff argues that Defendant IndyMac breached its duty of care owed to Plaintiff by failing to ensure that the appraisal utilized in Plaintiff's mortgage agreement was accurate. Plaintiff argues that IndyMac breached its duty to diligently investigate the accuracy of the appraisals of the Dacosta and Maine properties.

To establish a prima facie case of negligence, a plaintiff must introduce evidence sufficient to prove that: (1) the defendant owed a duty to the plaintiff, (2) the defendant breached that duty, (3) the defendant's breach of its duty was a proximate cause of the plaintiff's injuries, and (4) the plaintiff suffered damages. *Berryman v. K Mart Corp.*, 483 N.W.2d 642, 654 (Mich. 1992) (citing *Johnson v. Bobbie's Party Store*, 473 N.W.2d 796 (Mich. 1991); *Nolan v. Bronson*, 460 N.W.2d 284 (Mich. 1990)). A prima facie case of negligence may be established by use of legitimate inferences, as long as sufficient evidence is introduced to take the inferences "out of the realm of conjecture." *Id*. (citing *Ritter v. Meijer, Inc.*, 341 N.W.2d 220 (Mich. 1983)). The threshold issue of duty of care in a negligence action must be decided by the trial court as a matter of law. *Bunch*, 878 F. Supp. at 1047. (citing *Riddle v. McLouth Steel Prod.*, 485 N.W.2d 676 (Mich. 1992)); *Schollenberger v. Sears, Roebuck & Co.*, 925 F. Supp. 1239, 1242 (E.D. Mich. 1996).

Plaintiff makes much of the fact that Defendant IndyMac failed to cite any supporting authority for its contention that it owed Plaintiff no duty to utilize an accurate appraisal. Plaintiff, however, likewise fails to cite any supporting authority that Defendant IndyMac owed a duty to Plaintiff. Plaintiff has not cited any law on a bank's duty to a mortgagor. It is Plaintiff's burden to set out sufficient facts to state a claim for negligence, and not Defendant's burden. Based upon the parties' submissions, the Court cannot hold as a matter of law that Defendant IndyMac owed

Plaintiff a duty to utilize an accurate appraisal. As such, Plaintiff has not stated a cause of action under a negligence theory against Defendant IndyMac.

### 3. Concert of Action and Civil Conspiracy

Plaintiff concedes that his claims for concert of action and civil conspiracy are conditional upon this Court finding that Plaintiff has stated a claim for fraudulent concealment. As such, the Court will briefly address why these claims must fail.

First, to prove a civil conspiracy, a plaintiff must prove "a combination of two or more persons, by some concerted action, to accomplish a criminal or unlawful purpose, or to accomplish a lawful purpose by criminal or unlawful means." *Feahany v. Caldwell*, 175 Mich. App. 291 (1989)(citing *Temborious v. Slatkin*, 157 Mich. App. 587 (1989). Additionally, "a claim for civil conspiracy may not exist in the air; rather, it is necessary to prove a separate, actionable, tort." *Early Detection Center, PC v. New York Life Ins. Co.*, 157 Mich. App. 618, 632 (1986). When a plaintiff fails "to state any actionable tort theories . . ., the conspiracy theory must also fail." *Id.* Plaintiff has not alleged any actionable tort theories, thus Plaintiff's claim for civil conspiracy must also fail.

As in a civil conspiracy claim, a plaintiff alleging concert of action must demonstrate some tortious conduct on the part of the defendants. In order to state a cause of action under a concert of action theory, Plaintiff must "allege that the defendants were jointly engaged in tortious activity as a result of which plaintiff was harmed." *Abel v. Eli Lilly & Co.*, 418 Mich. 311, 338 (1984). As such, this claim must also be dismissed for failure to state a claim upon which relief may be granted.

## IV. CONCLUSION

Defendant IndyMac's Motion for Dismissal pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b)**[Docket No. 14, filed August 25, 2006]** is GRANTED and Defendant IndyMac

IS DISMISSED WITH PREJUDICE.

Dated: March 27, 2007   /s/ Denise Page Hood
DENISE PAGE HOOD
United States District Judge

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 27, 2007, by electronic and/or ordinary mail.

S/William F. Lewis
Case Manager

11